Bernard J. KENNEDY and Renee M. Kennedy, Appellants,

v.

The FIRST NATIONAL BANK OF MILLER and Herbert A. Heidepriem, Appellees.

No. 81–1958.

United States Court of Appeals, Eighth Circuit.

Submitted June 18, 1982.

Decided June 22, 1982.

Max A. Gors, Pierre, S. D., for appellant.

F. M. Smith, Sioux Falls, S. D., for appellee First Nat. Bank.

Joseph H. Barnett, Aberdeen, S. D., for appellee Herbert A. Heidepriem.

Before LAY, Chief Judge, and BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Plaintiffs Bernard and Renee Kennedy appeal from an adverse judgment in their action brought to recover damages for the alleged fraudulent misrepresentations of defendants Herbert Heidepriem and the First National Bank of Miller, South Dakota. The judgment was based not only upon the jury's general verdict in favor of defendants, but also on its answer to a special interrogatory, from which the district court[1] concluded the Kennedys' claim was barred by the South Dakota statute of limitations. The Kennedys urge two grounds for reversal: (1) the district court erred in giving the special interrogatory and (2) the evidence was not sufficient to support the jury's verdict. We affirm.

The Kennedys initiated this diversity action on January 18, 1978, alleging that de-fendants made fraudulent misrepresentations concerning the terms of a loan between the Small Business Administration (SBA) and the Kennedys. Specifically, defendants allegedly told plaintiffs the SBA would accept an eighteen-month limitation on a second mortgage to be given on their home as security for the loan, when in fact defendants knew the SBA would not accept such a limitation. During this time, Bernard Kennedy was in the process of locating a houseboat manufacturing business in Miller. The complaint alleged defendants engaged in the misrepresentations in order to induce plaintiffs to establish a business in Miller. Previously, the Kennedys had refused to grant an unlimited second mortgage on their home in connection with this business arrangement.

"On or about February 1, 1972," the Kennedys allegedly were advised of the SBA's true position on the limitation. Because of their financial condition and the "effort and commitment" that had gone into the development of the manufacturing business, they "were subsequently compelled to execute a second mortgage without limitation." In 1976, the SBA initiated foreclosure proceedings against the Kennedys' home; the matter was subsequently settled for $22,500.

In the instant action, the Kennedys sought an award of $22,500 actual damages and $250,000 punitive damages, plus interest and costs. As indicated, defendants not only denied liability on general grounds, but also interposed certain affirmative defenses, including expiration of the South Dakota statute of limitations. Defendants contended the Kennedys were aware of the alleged fraud prior to January 18, 1972, more than six years before the suit was filed. Under South Dakota law, civil actions based on fraud can be commenced "only within six years after the cause of action shall have accrued." S.D. Codified Laws Ann. § 15–2–13(6) (1967).

The matter came to trial in August, 1981. Following the conclusion of testimony, the

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

**1216**

district court submitted the case to the jury, including with the forms for a general verdict a written interrogatory which asked as follows:

> Do you find from the evidence in this matter that Plaintiffs, or either of them, had knowledge prior to January 18, 1972, that the Small Business Administration would not accept a second mortgage on plaintiffs' residence containing an eighteen month limitation in term.

The jury answered the interrogatory in the affirmative and also returned a general verdict in favor of defendants. As noted, the district court entered judgment for defendants, based in part on the answer to the interrogatory, from which the court concluded the statute of limitations barred the Kennedys' action. This appeal followed.

■ The Kennedys initially argue the district court erred in submitting the above-quoted interrogatory. They contend the interrogatory incorrectly applied the applicable law and failed to allow the jury to determine as a matter of fact whether the statute of limitations had expired. Even assuming the district court erred in submitting the special interrogatory, however, the jury's general verdict exonerating defendants of all liability would render such error harmless. *See, e.g., Berry v. Battey,* 666 F.2d 1183, 1187 (8th Cir. 1981) (unnecessary to rule on plaintiff's argument regarding proper statute of limitations in light of jury's determination that there was no underlying liability). The Kennedys do not contend the special interrogatory infected the general verdict. In these circumstances, we cannot say that the use of the challenged interrogatory constituted reversible error.

■ The Kennedys also contend the district court's judgment should be reversed because insufficient evidence existed to support the jury's verdict. They did not move for a directed verdict or for judgment notwithstanding the verdict at trial. Failure to move for a directed verdict or for a judgment notwithstanding the verdict during trial precludes appellate review of the sufficiency of the evidence except for plain error. *See, e.g., Lange v. Schultz,* 627 F.2d 122, 128 (8th Cir. 1980); *Harris v. Zurich Insurance Co.,* 527 F.2d 528, 529 (8th Cir. 1975).

■ In the instant case, the jury's verdict was not plain error. Briefly, the Kennedys' version of the evidence maintained that defendants represented to them that the SBA would accept an eighteen-month limitation on the second mortgage which the agency required and suppressed the fact that the SBA would not accept such a mortgage. This version of the evidence is primarily supported by Bernard Kennedy's testimony. In contrast, defendants' evidence presents a different version of the events, which, if taken as true, could lead to a finding of no liability. Thus, the verdict in favor of defendants does not constitute plain error.

For the above-stated reasons, the judgment of the district court is affirmed.