Edward Junior
**WATERBURY, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 85–436.

Supreme Court of Iowa.

May 21, 1986.

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., and Denver Dillard, Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, CARTER, WOLLE, and LAVORATO, JJ.

CARTER, Justice.

Postconviction applicant, Edward Junior Waterbury, appeals from a denial of postconviction relief from his 1979 conviction of first-degree murder and resulting life sentence. He contends that the court, at his trial in December of 1979, gave incorrect and prejudicial instructions to the jury in six different particulars pointed out in his application for postconviction relief. The district court considered these claims and denied the application. We affirm the judgment of the district court.

Waterbury was convicted of first-degree murder in December of 1979 in connection with the shooting of Robert Joslyn, who

was the husband of Waterbury's sister, Shirley Joslyn. His conviction was affirmed on direct appeal in *State v. Waterbury*, 307 N.W.2d 45 (Iowa 1981). A detailed statement of the facts adduced at his trial appear in the reported decision on that appeal. We therein describe Waterbury's confession to the killing which came in without objection. It indicated that he and his sister decided that Robert Joslyn should be killed because of his repeated beatings of his wife, Shirley. Waterbury purchased a sixshot revolver with money furnished him by Shirley for the purpose of carrying out their joint intention to kill Robert. On the evening of July 18, 1979, he went to the apartment where Shirley and Robert lived and purported to go to sleep on a couch. Later that evening, Waterbury went into the bedroom and fired at Robert repeatedly with the gun until he was dead.

None of the six claimed infirmities in the jury instructions which form the basis for the present application for postconviction relief were challenged by Waterbury at trial by exceptions taken in accordance with Iowa Rule of Criminal Procedure 18(5)(f) and Iowa Rule of Civil Procedure 196. Nor were any of these six issues raised in his direct appeal from his conviction. The State urges that Waterbury's failure to raise these contentions at an earlier time precludes him from doing so now. It urges that, under Iowa Code section 663A.2 (1985), postconviction relief "is not a substitute for ... direct review of the sentence or conviction."

In *Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981), we stated:

A postconviction proceeding is not an avenue for litigating issues that were not properly preserved for our review on direct appeal.... We will not ordinarily allow a defendant to claim in postconviction proceedings that the trial court erred on issues that were not properly presented for our review on direct appeal.

(Citations omitted.) In *Polly v. State*, 355 N.W.2d 849, 855 (Iowa 1984), we established that a postconviction applicant must both show "cause" for the failure to challenge the alleged error at the original trial and also establish that the error which is belatedly asserted worked to the defendant's "actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *Id.* at 855.

In *State v. Holbrook*, 261 N.W.2d 480, 482 (Iowa 1978), we observed that:

Our requirement that error has been properly preserved, in situations of pending appeals and of timely appeals, is based on the general principle that we consider only issues which were raised in the trial court. We are a court of review, not a nisi prius court. We cannot "review" an issue unless it was raised in the trial court. The requirement that the issue be raised in the trial court is not something new or a device imposed as a barrier against constitutional rights. It is of long standing and applies generally to claimed errors of all kinds, constitutional and otherwise; nor is it a rule peculiar to Iowa.

Our requirement of contemporary objections in order to preserve a claim of error for assertion on either direct appeal or by subsequent collateral attack is particularly appropriate in the area of jury instructions where a failure to object will ordinarily be equated with acquiescence in the instruction as an adequate statement of the applicable law.

■ Waterbury urges that adequate cause for his failure to make a contemporaneous objection to any of the six claimed instructional infirmities may be found in the "novelty" of the constitutional issues he is now advancing. In the alternative, he argues that, because these instructional infirmities infected his original trial with error of constitutional dimensions, we may infer that his counsel at trial was ineffective for not asserting these claims at that time. Our decision in *Holbrook*, 261 N.W.2d at 482–83 appears to reject Waterbury's contention that the novelty of a claim may be considered to excuse the requirements for error preservation. We are not inclined to depart from that determina-

tion. To the extent that Waterbury urges that a "novelty" exception is mandated for preservation of federal constitutional claims by the opinion of the Supreme Court in *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), we conclude, for reasons which we will presently discuss, that the *Reed* holding is not persuasive with respect to the issues involved in the present proceeding.

With respect to the alternative contention that ineffective assistance of counsel may excuse compliance with the usual requirement of contemporary objection, we do not believe that Waterbury has established that his counsel at trial or on his direct appeal was ineffective. We have recognized that

> "[t]he defense attorney's function consists, in large part, of the application of professional judgment to an infinite variety of decisions in the development and prosecution of the case. A determination whether any given action or omission by counsel amounted to ineffective assistance cannot be divorced from consideration of the peculiar facts and circumstances that influenced counsel's judgment. In this fact-laden atmosphere, categorical rules are not appropriate."

*Schrier v. State,* 347 N.W.2d 657, 661–62 (Iowa 1984) (quoting *United States v. Decoster,* 624 F.2d 196, 203, (D.C.Cir.1979). Application of these principles to the area of jury instructions has caused us to observe that "not every right to insist that a particular instruction be given need be availed of by counsel in order to satisfy the standard of normal competency." *State v. Blackford,* 335 N.W.2d 173, 178 (Iowa 1983).

Waterbury's contentions concerning the trial court's instructions may be summarized as follows:

1. That Instruction No. 19 which permits an inference of malice, deliberation, premeditation and specific intent to kill from the intentional use of a dangerous weapon relieves the State from its burden of persuasion beyond a reasonable doubt with respect to one or more elements of the crime contrary to the requirements established in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

2. That Instruction No. 56 which permits an inference that an actor has knowledge of the natural and probable consequences of his voluntary acts also relieves the State from its burden of persuasion beyond a reasonable doubt with respect to an essential element of the crime.

3. That Instruction No. 22 improperly permitted conviction upon proof that he *shot* the victim deliberately and premeditatedly with malice aforethought when it should have required proof that he *killed* the victim deliberately and premeditatedly with malice aforethought.

4. That although deliberation and premeditation are given as separate elements of the crime in the marshalling instruction, the definition of these elements in Instruction No. 14 fails to adequately differentiate between the two concepts.

5. That Instruction No. 14 improperly defines malice aforethought in terms of a condition of mind prompting one to *injure* another without just cause or provocation when it should be defined as a condition of mind prompting one to *kill* another without just cause or provocation.

6. That there is no logical basis for inferring malice, deliberation, premeditation, or a specific intent to kill from the use of a deadly weapon with opportunity to deliberate, as permitted in Instruction No. 19.

To the extent that Waterbury urges that the decision of the Court in *Reed v. Ross* requires consideration of these issues even though they were not preserved in the manner required by state law, we conclude that *Reed* is inapposite here. The so-called "novelty" exception recognized in that case was applied in favor of a petitioner whose conviction occurred in 1969, prior to the decision in *Sandstrom* and also prior to the decision in *In re Winship,* 397 U.S. 358, 90

S.Ct. 1068, 25 L.Ed.2d 368 (1970), upon which *Sandstrom* is based. In the present case, Waterbury's trial was after the decision in *Sandstrom* and after a contention similar to his challenge to Instruction No. 56 had been rejected by this court in *State v. Rinehart*, 283 N.W.2d 319, 321–22 (Iowa 1979), *cert. denied*, 444 U.S. 1088, 100 S.Ct. 1049, 62 L.Ed.2d 775 (1980).[1] Accordingly, we find no novelty in his first two contentions nor can we find that his counsel was ineffective for failure to raise these issues at his December, 1979 jury trial or on direct appeal.

 Waterbury's third, fourth, and fifth contentions primarily involve the form of the instructions rather than their substance, a situation which renders our contemporary objection rule particularly appropriate. There is no novelty in any of these claims which would excuse the failure to object prior to the giving of the instructions. Nor did any of these instructions depart so significantly from those which are ordinarily given in the trial of murder prosecutions that it was beyond the realm of normal competency for his counsel not to have made those contentions now being urged.[2]

 Waterbury's sixth contention, like his first, is directed at Instruction No. 19. He contends the instruction permitted the jury to infer four separate and essential elements of the crime from facts which do not permit those inferences in the exercise of ordinary deductive reasoning. We considered a similar issue in *Carter v. MacMillan Oil Co.*, 355 N.W.2d 52, 56–57 (Iowa 1984) where we observed (quoting in part *McCormick's Handbook of the Law of Evidence* § 342, at 803 (2d ed. E. Cleary 1972)):

> "[A]ssume that a party having the burden of producing evidence of a fact A introduces proof of fact B. The [trier of fact], using ordinary reasoning, may determine that fact A might reasonably be inferred from fact B, and therefore ..., as sometimes put by the courts, has made out a 'prima facie' case." But the existence of a prima facie showing based upon inferences to be drawn from facts proven depends upon whether the state of affairs sought to be established ... may be usually and generally inferred from the facts shown. *Stenberg v. Buckley*, 245 Iowa 622, 627–29, 61 N.W.2d 452, 455–56 (1953); *Gilmer v. Neuenswander*, 238 Iowa 502, 506, 28 N.W.2d 43, 45 (1947).

Without conceding that the argument which Waterbury is now advancing was not required to be lodged at his trial or at the very latest as part of his direct appeal, we find no merit in the contention now being made. We continue to adhere to the views expressed in *State v. Lass*, 228 N.W.2d 758, 765–66 (Iowa 1975) that such inferences are permissible upon proof of the facts described in Instruction No. 19.

We have concluded in our prior discussion that Waterbury has failed to demonstrate adequate cause for his failure to challenge the court's instructions at the trial of the charges upon which he was convicted, thereby failing to satisfy the first prong of the "cause" and "prejudice" standard set forth in *Polly*, 355 N.W.2d at 855. We also conclude, following full consideration of all the grounds being urged, that he has failed to establish that any of the instructions complained of put him to an actual and substantial disadvantage of constitutional magnitude. He has, therefore, also failed to satisfy the "prejudice" requirement which forms the second prong of the *Polly* test. *See State v. Miles*, 344 N.W.2d 231, 235 (Iowa 1984).

We have considered all claims and arguments advanced by the postconviction applicant but can find no basis upon which to disturb his conviction and sentence. The

1. The argument which Waterbury is making with respect to Instruction No. 19 was rejected subsequent to his conviction in *State v. Elam*, 328 N.W.2d 314, 318 (Iowa 1982).

2. Cases sustaining instructions similar to numbers 19 and 56 given at Waterbury's trial have been cited. Instruction Nos. 14 and 22 given at his trial are Uniform Instructions (Criminal) 702 and 708.

judgment of the district court denying post-conviction relief is affirmed.

AFFIRMED.