**Edward WATERBURY, Appellant,**

**v.**

**Crispus NIX, Warden, Iowa State Penitentiary, Appellee.**

**No. 90–1872.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1991.

Decided June 5, 1991.

---

Mark C. Meyer, Cedar Rapids, Iowa, for appellant.

Thomas D. McGrane, Des Moines, Iowa, for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Appellant Edward Waterbury appeals the district court's[1] denial of his 28 U.S.C. § 2254 habeas petition in which he seeks relief from his life sentence without parole for first degree murder. The district court determined that Waterbury had procedurally defaulted on his claims of error in various jury instructions given at trial because he had failed to preserve the claims by means of contemporaneous objection as required by Iowa law. On appeal, Waterbury asserts that procedural default does not apply to his case because (1) Iowa recognizes a fundamental error exception to its contemporaneous objection rule; (2) the State waived the default by directly considering his claims during the post-conviction proceedings; and (3) the novelty of his claims constitutes sufficient cause to excuse his procedural default. In the alternative, Waterbury asserts ineffective assistance of counsel and asks that we consider his claims of error on the merits. We affirm.

## I. BACKGROUND

A jury convicted Waterbury in December 1979 of first degree murder and sentenced him to life without parole for the shooting death of his brother-in-law, Robert Joslyn. The jury's verdict rested in part upon Waterbury's pre-trial confession in which he described at length that he and his sister, Shirley Joslyn, plotted and executed a plan to kill Joslyn. The Iowa Supreme Court affirmed his conviction on direct appeal. *State v. Waterbury*, 307 N.W.2d 45 (Iowa 1981).

Waterbury then applied to the state court for post-conviction relief alleging that errors in the jury instructions relieved the State of its burden of proof and thus violated his due process rights. The Iowa Supreme Court denied the application, holding that Waterbury had failed to preserve his claims by objecting at trial as required by Iowa's contemporaneous objection rule. *Waterbury v. State*, 387 N.W.2d 309 (Iowa 1986). That court also rejected Waterbury's contentions that his instructional challenges raised novel constitutional issues which constituted cause for his failure to satisfy the contemporaneous objection rule and, in the alternative, that his counsel's failure to timely object to the instructions constituted ineffective assistance of counsel. *Id.*

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

In May 1989, Waterbury filed this petition for habeas relief under 28 U.S.C. § 2254 in the Northern District of Iowa, again asserting various errors in the trial judge's instructions to the jury. Waterbury makes two principal claims of instructional error. First, he contends that the marshaling instructions directed the jury that it could find Waterbury guilty if it found merely that he "shot" rather than "killed" the victim. This instruction, argues Waterbury, relieved the State of its burden of proving an essential element of first degree murder under Iowa law.[2] Second, he contends that the trial judge improperly shifted the burden of proof by instructing the jury that it may infer essential elements of first degree murder upon proof of certain facts "in the absence of evidence to the contrary."

The district court held that Waterbury's failure to preserve these claims in the state court by means of timely objections constituted a procedural default. It rejected Waterbury's argument that Iowa recognizes a fundamental error exception to its contemporaneous objection rule. The district court also rejected Waterbury's alternative assertions that his claims presented novel constitutional issues which constituted cause for his failure to raise them at trial or on direct appeal, and that his trial counsel was ineffective for failing to object to the allegedly deficient instructions at trial. Waterbury renews these arguments on appeal and asks that we consider his claims of instructional error on the merits.

## II. DISCUSSION

■ Waterbury does not dispute his failure to preserve his claims of instructional error by objection at trial. He contends, however, that Iowa recognizes a fundamental or plain error exception to its contemporaneous objection rule and that this court therefore may review his otherwise inadequately preserved claims. *See Ake v. Oklahoma*, 470 U.S. 68, 74, 105 S.Ct. 1087, 1091, 84 L.Ed.2d 53 (1985). We disagree. In a similar case involving a defendant's failure to timely object to jury instructions at trial, the Iowa Supreme Court has stated in no uncertain terms that, "[h]aving failed to alert the trial court to his present contention by appropriate objection, defendant is precluded from relying on it [on appeal].... We do not have a plain error rule." *State v. Miles*, 344 N.W.2d 231, 233 (Iowa 1984) (citation omitted). The holding in *Miles* reflects Iowa's longstanding refusal to recognize a plain error exception to its strictly applied contemporaneous objection rule.[3] *See State v. Le Compte*, 327 N.W.2d 221, 223 (Iowa 1982); *State v. Rouse*, 290 N.W.2d 911, 914–15 (Iowa 1980).

■ Waterbury alternatively contends that we may consider his inadequately preserved claims because the state post-conviction court did not properly enforce the waiver. According to Waterbury, the post-conviction court denial of his petition did not meet the plain statement rule of *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), which requires that the state court provide a plain statement that its holding is based upon adequate and independent state grounds. Waterbury asserts that the state post-conviction court in the present action failed to make such a plain statement regarding the basis of its

---

**2.** The relevant statutes addressing murder in the first degree, Iowa Code Ann. §§ 707.1 and 707.2 (West 1979), read:

**707.1 Murder defined**

A person who kills another person with malice aforethought either express or implied commits murder.

**707.2 Murder in the first degree**

A person commits murder in the first degree when he or she commits murder under any of the following circumstances:

1. The person willfully, deliberately, and with premeditation kills another person.

**3.** Waterbury's reliance on *State v. Goff*, 342 N.W.2d 830 (Iowa 1983), is misplaced. The

*Goff* court did review the defendant's claim of instructional error, but only in the context of Goff's claim of ineffective assistance of counsel. The court expressly refused to consider the claim as a direct appeal issue stating that "[d]efense counsel having failed to object to the failure of the court to include the specific intent element in the instructions, defendant could not thereafter raise that objection." *Goff*, 342 N.W.2d at 837. Thus, *Goff*, which is totally consistent with Iowa's strict application of its contemporaneous objection rule, actually undermines Waterbury's argument.

holding and that its subsequent analysis of Waterbury's instructional error claims constituted a waiver of the procedural bar.

Waterbury failed to raise this argument before the district court. "As a general rule failure to present an issue to the district court precludes appellate consideration of that issue." *Warden v. Wyrick,* 770 F.2d 112, 114 (8th Cir.) (citing *Urquhart v. Lockhart,* 726 F.2d 1316, 1318 (8th Cir.1984)), *cert. denied,* 474 U.S. 1035, 106 S.Ct. 600, 88 L.Ed.2d 579 (1985). The only exception to this rule applies "when a denial of review would be fundamentally unfair or result in injustice." *Jones v. Lockhart,* 851 F.2d 1115, 1116 (8th Cir.1988) (citing *Ryder v. Morris,* 752 F.2d 327, 332 (8th Cir.), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985)). In considering the question of whether such an injustice would arise in the present action, we have reviewed the state post-conviction court's published opinion and found that it more than adequately meets the plain statement requirement of *Harris v. Reed.* Thus, we reject Waterbury's argument.

Waterbury's final effort at bringing his instructional error claims before this court posits that cause and prejudice exist for his failure to preserve his claims in the trial court. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Waterbury asserts two separate bases in support of his assertion of cause. First, he contends that the constitutional basis for his claims of error in the instructions is so novel as to constitute cause for his failure to previously preserve the claims in the state court. We disagree.

■ The novelty of a constitutional claim may constitute cause for failing to previously preserve an issue. *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). Waterbury contends that the trial judge's instructions to the jury relieved the State of essential elements of its burden of proof. The basis for this challenge to the jury instructions lies in a line of cases beginning with *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), in which the Supreme Court held

that guilt of a criminal charge requires proof beyond a reasonable doubt of all factual elements of the crime charged. Simple arithmetic reveals that the basis for Waterbury's claims preceded his trial by nine years.

Waterbury contends, however, that the novelty of his claims lies in the fact that no court has ever applied *Winship* to the particular instructions at issue in the present case. This exceedingly narrow reading of the scope of *Winship,* in effect, would limit its broad statement of constitutional principle to the facts of that case. Such a reading entirely overlooks the fact that the Supreme Court has expanded and refined the principle articulated in *Winship* in numerous cases predating Waterbury's trial. *See, e.g., Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (jury instruction creating mandatory inference of essential statutory element of crime violates due process); *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977) (giving *Mullaney* retroactive application); *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1978) (instruction which could be understood by reasonable juror as creating a mandatory inference regarding the existence of an essential statutory element of crime violates defendant's due process rights). Accordingly, we reject Waterbury's novelty claim.

■ In his alternative assertion of cause, Waterbury turns the tables on the previous argument and asserts that the basis for challenging the jury instructions was so well-established that his trial counsel's failure to object to them at trial constituted ineffective assistance. We analyze Waterbury's ineffective assistance claim under the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* Waterbury must first demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. We agree with both the district court and the Iowa Supreme Court that the instructions, when read as a whole, *see Cupp v. Naughten,* 414 U.S. 141, 146–

47, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973), did not relieve the State of its burden of proof on any of the essential statutory elements of first degree murder.[4] Thus, we conclude that trial counsel's performance in failing to object to the challenged instructions did not fall below an objective standard of reasonableness and reject Waterbury's claim of ineffective assistance.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Waterbury's petition for habeas relief.

---

**4.** *Strickland* also requires a showing that trial counsel's deficient performance prejudiced Waterbury in the sense of having deprived him of a fair trial. *Strickland,* 466 U.S. at 687, 104 S.Ct.

at 2064. Because we conclude that Waterbury has failed to establish cause, we need not inquire into this second phase of the *Strickland* analysis.