983 F.2d 138
 Kim M. MARK, Appellant,
v.
Crispus NIX; Ronald G. Welder; Don Lynch; Robert Umthum;
C/O Mason; C/O Clostermery; Koson; C/O
Hoffstatter; Central Office Grievance
Coordinator, Appellees.
 No. 92-1184.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 26, 1992.
Decided Jan. 13, 1993.
Rehearing Denied Feb. 15, 1993.
 
 Robert K. DuPuy, West Des Moines, IA, argued, for appellant.
 William A. Hill, Asst. Atty. Gen., Des Moines, IA, for appellees.
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and STUART,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Kim Mark, an Iowa State Penitentiary inmate kept in a cell house for disciplinary and security risk inmates, appeals the district court's denial of his 42 U.S.C. § 1983 action against several prison officials. We affirm.
 
 
 2
 While under the direction of Correctional Officer Robert Umthum, Correctional Officers Mason, Clostermery, Koson, and Hoffstatter confiscated Mark's rosary with an attached hard plastic crucifix. The penitentiary's inmate property policy prohibited inmates in Mark's cell house from possessing metal and hard plastic crucifixes because inmates could use the crucifixes to unlock their handcuffs. The policy allowed the inmates to possess plain rosaries, but rosaries attached to the prohibited crucifixes were confiscated.
 
 
 3
 Following Warden Crispus C. Nix's suggestion, Mark filed a grievance requesting the return of his rosary with the attached hard plastic crucifix. Grievance Officer Don Lynch summarily denied the grievance, and Executive Assistant Ronald G. Welder affirmed. Mark appealed to Central Office Grievance Coordinator Scaletta, but received no response.
 
 
 4
 Twelve days after the confiscation, the penitentiary chaplain gave Mark a plain rosary. The next day, Correctional Officer Davis, who is not a party to this action, confiscated Mark's plain rosary. Mark does not contend any of the prison officials he has sued played any part in Davis's confiscation.
 
 
 5
 On appeal, Mark first contends the confiscation of his rosary with the attached hard plastic crucifix violated his constitutional right to exercise freely his religion. The district court found Mark held a sincere religious belief in the crucifix, but concluded the confiscation was reasonably related to legitimate penological interests. We agree. By authorizing the confiscation of disciplinary and security risk inmates' metal and hard plastic crucifixes, the penitentiary's policy reduces the risk of escape and assault by these inmates. Under the policy, Mark could continue his religious practices with a plain rosary. Although Mark asserts the guards could change their handcuff procedures, strip search the inmates, or require the inmates to leave the prohibited crucifixes in their cells, these measures are not foolproof and would impose significant burdens on the penitentiary staff, which moves hundreds of inmates daily. Thus, we conclude the confiscation did not violate Mark's religious rights. See Turner v. Safley, 482 U.S. 78, 89-91, 107 S.Ct. 2254, 2261-2262, 96 L.Ed.2d 64 (1987).
 
 
 6
 Mark also contends Davis's confiscation of his plain rosary violated his due process and free exercise rights. The district court found Mark had no sincerely held religious belief in the plain rosary and denied the claim. Because Mark concedes none of the prison officials sued by him are responsible for this confiscation, Mark has no basis for liability against them. See Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir.1987) (per curiam); Ronnei v. Butler, 597 F.2d 564, 566 (8th Cir.1979) (per curiam). Addressing the merits of Mark's claim against Davis would result in an inappropriate advisory opinion because "nothing we might say would affect the rights of the parties in this case." South Dakota v. Hazen, 914 F.2d 147, 150 (8th Cir.1990). We thus leave unanswered the question whether prison officials can confiscate a rosary without an attached crucifix.
 
 
 7
 Mark next contends Lynch, Welder, Scaletta, and Nix violated his due process and free exercise rights by ignoring his grievance request for the return of his rosary with the attached hard plastic crucifix. The district court did not rule on this issue. We generally do not consider an issue not decided by the district court, particularly when the outcome is debatable and our refusal will not otherwise produce a plain miscarriage of justice. Singleton v. Wulff, 428 U.S. 106, 120-21, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); see Sanders v. Clemco Indus., 823 F.2d 214, 217 (8th Cir.1987). The penitentiary's policy prohibited Mark from possessing the rosary with the attached hard plastic crucifix. Thus, there is no miscarriage of justice in our decision not to consider Mark's claim for the first time on appeal.
 
 
 8
 Finally, Mark contends the district court should have entered judgment for him, granted him a new trial, or reopened the record. After carefully considering these claims, we conclude they have no merit.
 
 
 9
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation