21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 William E. TUCKER, Plaintiff-Appellant,
v.
Joe HILL, Assistant Jailer Crittenden County, Arkansas,
Defendant-Appellee,
Dick Busby, Sheriff, Crittenden County, Arkansas,
Counter-Claimaint-Appellee.
 No. 93-1923.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 11, 1994.
Filed: April 14, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 William E. Tucker appeals the district court's[1] orders granting partial summary judgment and entering judgment upon the jury verdict in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Tucker, a pre-trial detainee at the Crittenden County Jail (CCJ), was involved in an incident with at least one other inmate and suffered serious injuries, including a broken jaw. He brought this section 1983 complaint against CCJ Chief Jailer Bob Bretherick, Assistant Jailer Joe Hill, and Sheriff Dick Busby, alleging that they violated his Eighth Amendment rights in failing to protect him from a known risk of assault by other inmates who were gang members. Bretherick and Busby moved for summary judgment, and Busby counterclaimed for the cost of Tucker's confinement. The district court adopted the magistrate judge's[2] report, granted summary judgment, and dismissed Bretherick and Busby. The remainder of the case proceeded to trial. The jury returned a verdict for Hill on Tucker's section 1983 claim and for Busby on his counterclaim for cost of confinement. The jury awarded Busby no damages, and the court entered a $1 nominal damage award. Tucker timely appealed.
 
 
 3
 We review the district court's grant of summary judgment de novo. Kuhnert v. John Morrell & Co. Meat Packing, 5 F.3d 303, 304 (8th Cir. 1993). We must determine whether the record, when examined in the light most favorable to the non-moving party, shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990). To successfully oppose a motion for summary judgment, the non-moving party must present sufficient evidence of a dispute over facts that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). We find that the district court correctly granted summary judgment to Bretherick and Busby. The record reflects that neither defendant had any personal contact with Tucker prior to the assault or knew he faced a pervasive risk of harm. See Mark v. Nix, 983 F.2d 138, 139-40 (8th Cir. 1993) (Sec. 1983 liability requires some personal involvement or responsibility); Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991) (to establish reckless disregard of right to be free from inmate attack, plaintiff must show he faced pervasive risk of harm and officials failed to respond reasonably; single incident not pervasive risk).
 
 
 4
 Tucker also challenges the sufficiency of the evidence to support the jury verdict for Hill. In such a situation, we review the evidence in the light most favorable to the prevailing party and give that party the benefit of all reasonable inferences from the evidence. Herndon v. Armontrout, 986 F.2d 1237, 1240 (8th Cir. 1993). However, Tucker's failure to move, during the trial, for a directed verdict or for judgment as a matter of law limits us to plain error review of the sufficiency of the evidence. See id. There was testimony that Hill did not process Tucker into the jail, that Tucker did not tell either Hill or Hill's co-workers that he had enemies in his cell, that Tucker made no attempt to notify any prison officials that he was at risk or threatened in any way, and that Tucker sustained his injuries in an altercation that was not gang-related. Thus, evidence supported that Hill did not have knowledge of a pervasive risk of harm to Tucker and that he did not act with deliberate indifference to any such risk. See Andrews, 929 F.2d at 1330. We therefore find no plain error. See Kennedy v. First Nat. Bank of Miller, 680 F.2d 1214, 1216 (8th Cir. 1982) (no plain error when plausible evidence exists to support jury verdict).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas
 
 
 [2]
 The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas