26 F.3d 128
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Thomas WOOD, Appellant,
v.
Officer ROSCHELL, Varner Unit, Arkansas Department of
Correction; Dr. Dermot Dunne, Diagnostic Unit, Appellees.
 No. 93-1980.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 3, 1994.
Filed: June 13, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas Wood, an Arkansas inmate, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. We affirm in part and reverse in part.
 
 
 2
 In December 1991, Wood filed this section 1983 action against Dr. Dunne and several Arkansas Department of Correction officials: A.L. Lockhart, Willis Sargent, Warden Reed, L.E. LaGrone, and Officer Roschell (sic). Without objection, the district court dismissed the complaint as to Lockhart, Sargent, Reed, and LaGrone. Following a pre-jury trial hearing and over Wood's objections, the district court adopted the magistrate judge's report and dismissed Wood's complaint. Wood timely appealed.
 
 
 3
 As all parties presented evidence at the pre-jury trial hearing, we must determine whether a sufficient factual disagreement exists that requires submission to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. We must avoid credibility determinations, credit the inmate's evidence, and give the inmate the benefit of all reasonable inferences. Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36. (8th Cir. 1993).
 
 
 4
 Wood alleged that Officer Rochell verbally and physically assaulted him during an altercation in the prison kitchen office. Accepting Wood's evidence and giving him the benefit of all reasonable inferences, we must presume that Wood and Rochell, the kitchen supervisor, entered the kitchen office at Wood's request; that Wood sat in a chair in the office; that Wood informed Rochell he was going to file a grievance against Rochell for harassment and slanderous comments about Wood's sexuality; and that Rochell kicked the chair out from under Wood and slammed Wood's face into a wall, injuring Wood's nose and face. Both parties concur that Wood was angry when he approached Rochell. Wood stated that he remained calm, but Rochell testified that he felt threatened by Wood's aggressive behavior and acted to gain control of the situation. Immediately after his use of force, Rochell contacted security, claiming that Wood had slapped him. Rochell filed a grievance against Wood for slapping him. Rochell later admitted that Wood had never hit him, confessed to filing a false grievance, and resigned from his employment at the prison.
 
 
 5
 When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S. Ct. 995, 999 (1992). Factors relevant to this determination include the threat the officials reasonably perceived, the need for the use of force, the efforts made to minimize the force used, the relationship between the need for using force and the amount of force used, and the degree of injury inflicted. Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993). In considering a prisoner's Eighth Amendment claim, a court must determine if the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to rise to a constitutional violation. Hudson, 112 S. Ct. at 999. Under the Eighth Amendment, de minimis use of force does not violate the constitution so long as it is not "repugnant to the conscience of mankind." Id. at 1000.
 
 
 6
 We are not convinced that the evidence allows an inference that Rochell felt threatened by the situation. See Hickey, 12 F.3d at 757-58. Wood testified he remained seated in a chair when speaking to Rochell, and that Rochell reacted violently after Wood threatened to file a grievance for harassment. This at least raises a question whether Rochell was making a legitimate effort to avoid violence or acting in retaliation to Wood's statements. See Hickey, 12 F.3d at 758 (rejecting officer's contention that force needed to prevent violence). Rochell's subsequent claim that he had acted in response to a slap by Wood, and his filing of a false grievance against Wood, further calls into question the motive behind Rochell's actions. See Orabaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). We do not believe this question can be resolved based on the pre-jury trial evidence without a credibility determination. For this reason, we remand this portion of the case to the district court.
 
 
 7
 Wood next alleged that Dr. Dunne used unorthodox medical practices to treat his separated shoulder. We hold that the district court correctly found that Dunne had not acted with deliberate indifference to Wood's medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Dunne employed Kocher's maneuver and the Hippocratic method, both textbook methods for treating a dislocated shoulder without surgery. See J.E. Schmidt, Attorneys' Dictionary of Medicine, at H-141, K-40 (1994). While Wood may have been surprised that the treatment required Dunne to place his foot in Wood's armpit and pull his arm, and may have wished that some less basic treatment existed, this does not rise to the level of deliberate indifference. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (difference of opinion as to medical treatment does not rise to the level of deliberate indifference).
 
 
 8
 Wood's remaining allegations are that he suffered a heart attack from the "circumstances and treatment" he received in the prison, the prison repeatedly denied him his arthritis medication, and his barrack was overcrowded and dangerous. These arguments are entirely without merit as he presented no evidence linking either defendant to the alleged constitutional wrongs. See Mark v. Nix, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility).
 
 
 9
 Accordingly, we affirm in part, reverse in part, and remand to the district court for further proceedings.