29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert 5X WHITE, Appellant,
v.
A. BRADBERRY, ASSISTANT WARDEN, Cummins Unit, Arkansas
Department of Correction; Rick Toney, Assistant Warden,
Cummins Unit, Arkansas Department of Correction; F.A.
McHan, Major, Cummins Unit, Arkansas Department of
Correction; D. Outlaw, Capt., Cummins Unit, Arkansas
Department of Correction; Burnett, Sgt., Cummins Unit,
Arkansas Department of Correction; F.C. Moka, Sgt., Cummins
Unit, Arkansas Department of Correction; James Banks; A.L.
Lockhart, former Director of the Arkansas Department of
Corrections, Appellees.
 No. 93-3789.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 12, 1994.
Filed: July 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of Arkansas.
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert 5x White appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 White filed this suit alleging that Classification Officer James Banks and former Director of the Arkansas Department of Correction (ADC) A.L. Lockhart forced him to work beyond his physical capacity and that the prison policy creating the field utility squad was unconstitutional.[2] After an evidentiary hearing, the magistrate judge[3] recommended that White's complaint be dismissed, finding that the defendants did not require White to work beyond his physical capacity. Over White's objections, the district court adopted the recommendations and dismissed the complaint. On appeal, White reiterates his claims raised below.
 
 
 3
 Because White did not request a jury trial, the district court could refer his case to a magistrate judge for an evidentiary hearing and recommended findings. See 28 U.S.C. Sec. 636(b)(1)(B). We find that the district court correctly determined that the defendants did not violate White's Eighth Amendment rights. At all times, White's job assignment was consistent with his medical classification and restrictions, and White has not shown anything to the contrary. White has not shown that either Banks or Lockhart had any involvement with his classification or limitations. See Mark v. Nix, 983 F.2d 138, 139-40 (8th Cir. 1993); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (Sec. 1983 liability requires some personal involvement or responsibility). Banks appropriately referred White to medical personnel when he complained that his medical limitations were not stringent enough.
 
 
 4
 White did not present evidence at the evidentiary hearing that the policy creating the field utility squad-AD 91-36-was unconstitutional, other than to assert that M-3's should not do field utility work. Pursuant to AD 91-36, White, as an M-3-P, was assigned to field utility. Because he cannot show that he was required to work beyond his physical capacity, he cannot show that AD 91-36 is unconstitutional.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 White also named Assistant Warden A. Bradberry, Assistant Warden Rick Toney, Major F.A. McHan, Captain D. Outlaw, Sergeant Burnett, and Sergeant F.C. Moka. These individuals were not served with the complaint; we find that the complaint was properly dismissed as to them. A ninth defendant, Medical Administrator Bill Marks, was granted summary judgment before the evidentiary hearing. White does not appeal from the summary judgment
 
 
 [3]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas