29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert 5X WHITE, Appellant,
v.
Bill MARKS, ADMINISTRATOR, CUMMINS UNIT, ARKANSAS DEPARTMENT
of CORRECTION; Rick Toney, Assistant Warden,
Cummins Unit, Arkansas Department of
Correction, Appellees.
 No. 93-3311.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 12, 1994.
Filed: July 15, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert 5x White, an Arkansas prisoner, appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 White, an inmate at the Cummins unit, filed this section 1983 action against Arkansas Department of Correction (ADC) Administrator Bill Marks and Assistant Warden Rick Toney, alleging that defendants forced him to work beyond his physical capacity in violation of the Eighth Amendment. White contended that his assignment to the field utility squad required him to work beyond his physical limitations, and that he improperly received disciplinaries for refusing to work based on his limitations.
 
 
 3
 The case proceeded to trial. At the close of the evidence, the district court dismissed the case, finding that the evidence did not demonstrate that either Toney or Marks violated White's Eighth Amendment rights. On appeal, White argues that he was forced to work beyond his physical capacity and that he should not have been sent to administrative segregation for the disciplinaries he received for refusing to work. He also asserts that his action should have been a class action; that the prison policy creating the field utility squad was unconstitutional; and that prison officials retaliated against him for contacting the courts.
 
 
 4
 The Eighth Amendment prohibits prison officials from being deliberately indifferent to prisoners' safety, including knowingly forcing inmates to perform work which is beyond their strength, dangerous to their lives or health, or unduly painful. See Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993); Bibbs v. Armontrout, 943 F.2d 26, 27 (8th Cir. 1991), cert. denied, 112 S. Ct. 1212 (1992). "[A]n inmate must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind." Choate, 7 F.3d at 1373. We review de novo the district court's conclusion that no Eighth Amendment violation occurred. Id.
 
 
 5
 Although White claimed that defendants forced him to work beyond his capacity, he did not show that the field utility work was inconsistent with his medical classification and additional restrictions. Rather, White appears to have been able to adequately perform his field utility squad assignment. White testified that not until sometime in August 1992, seven months after his initial assignment, did he first refuse to work for medical reasons. White has also not shown that Toney had any involvement with his classification or limitations. When White first complained to Toney in September 1992, Toney informed White his job assignment was consistent with his medical classification, and suggested steps White could take if he believed his physical limitations required a change in medical classification. Although White later received additional medical limitations, which had the effect of removing him from the field utility squad, this subsequent change does not suggest that Toney knew in September 1992 that White's health required further medical restrictions. Toney testified, without contradiction, that he had no knowledge of what led to and was not involved with the changes to White's medical restrictions. We find, therefore, that Toney did not violate White's Eighth Amendment rights. As to Marks, the record shows that Marks did not have any personal involvement in or responsibility for White's medical classification or job assignment. See Mark v. Nix, 983 F.2d 138, 139-40 (8th Cir. 1993); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (Sec. 1983 liability requires some personal involvement or responsibility). In addition, White presented no evidence establishing that Marks even knew of the problem. As no constitutional violation occurred, White's reason for not reporting to work was invalid. Therefore, White has no claim against defendants for his time spent in administrative segregation, which he received for refusing to work.
 
 
 6
 White's remaining claims are meritless. The magistrate judge did not abuse his discretion in refusing to certify White's case as a class action, as each class member would present a unique factual question, contrary to the dictate of Federal Rule of Civil Procedure 23(a). See Catlett v. Missouri Highway and Transp. Comm'n, 828 F.2d 1260, 1272 (8th Cir. 1987), cert. denied, 485 U.S. 1021 (1988). The magistrate judge also did not abuse his discretion in refusing to allow White to amend his complaint adding new defendants and causes of action. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994) (standard of review); Thompson-El v. Jones, 876 F.2d 66, 69 (8th Cir. 1989)
 
 
 7
 (denial of amendment upheld when addition of new claims and defendants would have substantially changed case, required new discovery, delayed trial, and prejudiced non-moving parties).
 
 
 8
 Finally, we will not consider White's attack on the constitutionality of the policy creating the field utility squad raised for the first time on appeal, absent a showing that a denial of review would be manifestly unjust. Waterbury v. Nix, 935 F.2d 943, 946 (8th Cir. 1991) (per curiam). White has made no such showing.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)