# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3352

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Amber Rae Forbes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 13, 2004
Filed: October 1, 2004

_____

Before LOKEN, Chief Judge, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Amber Forbes pleaded guilty to conspiring to distribute and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Under the terms of her plea agreement, the government agreed to make a Federal Rule of Criminal Procedure 35 motion for downward departure once Forbes's anticipated cooperation was complete. At sentencing in August 2003, the government had not yet filed its Rule 35 motion, and the district court[1] sentenced Forbes to fifty-seven months' imprisonment and three years of supervised release.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Forbes unsuccessfully objected to the sentence, arguing that because she had not yet finished cooperating and the Rule 35 motion could not yet be granted, the government should have filed a motion for downward departure under U.S.S.G. § 5K1 for substantial assistance at the time of sentencing. Forbes timely filed her appeal, arguing that the district court should have departed downward because she had made herself available for Rule 35 assistance. Forbes also argues that the government should have been required to file a Section 5K1 motion.

In December 2003, Forbes fulfilled her cooperation, and the government subsequently filed a Rule 35 motion. In January 2004, the district court resentenced Forbes to eighteen months' imprisonment and three years of supervised release. Because Forbes has already been granted the relief she requests, we dismiss her appeal as moot. Mark v. Nix, 983 F.2d 138, 140 (8th Cir.1993) (per curiam) (declining to address the merits of a claim where doing so would not affect the rights of the parties and would therefore constitute an advisory opinion).

_____