# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2080

_____

Michael DeJuan McCroy,                        *
                                              *
            Appellant,                        *
                                              *   Appeal from the United States
      v.                                      *   District Court for the
                                              *   District of Nebraska.
Douglas County Corrections                    *
Center; Jeffery Newton, Director;             *   [UNPUBLISHED]
Walker, Sgt.; Heatley, Chaplain;              *
Cortese, C.O.,                                *
                                              *
            Appellees.                        *

_____

Submitted:  September 14, 2010
    Filed:  September 16, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      Michael McCroy, an inmate at the Douglas County Corrections Center (DCCC), appeals the district court's[1] dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A of his 42 U.S.C. § 1983 action, in which he claimed that his constitutional rights were violated because he was unable to practice his faith for two weeks.

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

McCroy, a Muslim, alleged in his complaint that, during a search for extra unauthorized linens, DCCC officers confiscated a towel he used as a prayer rug, and a copy of the Koran, both of which he had permission to use in order to practice his faith; and that the items were not returned to him until two weeks later, after he had filed a grievance and his grievance had been investigated.

Upon careful de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (review standard for § 1915(e)(2)(B) dismissal); Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (review standard for § 1915A dismissal), we agree with the district court that McCroy failed to state a claim, because he effectively sued only Douglas County, yet he did not allege that his rights were violated as a result of any policy or custom of Douglas County. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535-36 (8th Cir. 1999) (because § 1983 liability exposes public servants to civil liability and damages, plaintiffs must expressly and unambiguously state capacity in which defendants are being sued; absent such express statement, suit is construed as being against defendants in their official capacity; claims against public employees in their official capacity are merely claims against their public employer; public employer cannot be liable for employees' unconstitutional actions unless actions are result of official policy or custom of employer). We also conclude that neither the initial confiscation of McCroy's religious items, nor the two-week delay in returning them to him, rose to the level of a constitutional violation. See Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813 (8th Cir. 2008) (First Amendment free-exercise claim requires showing of substantial burden on ability to practice one's religion); Mark v. Nix, 983 F.2d 138, 139 (8th Cir. 1993) (per curiam) (confiscation of inmate's religious item and denial of related grievance did not violate inmate's constitutional rights where confiscation was reasonably related to legitimate penological interests).

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B.

_____